IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

STEVEN ANDREW PRICE                                                                                     PLAINTIFF

v.                                           Civil No. 1:21-cv-1058

SERGEANT BYNUM, Union County Criminal Justice
Facility; and CAPTAIN MITCHAM, Union County
Criminal Justice Facility                                                                               DEFENDANTS

## REPORT AND RECOMMENDATION

Plaintiff Steven Andrew Price filed this 42 U.S.C. § 1983 action *pro se* on November 8, 2021. (ECF No. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Before the Court is Plaintiff's Motion for Preliminary Injunction (ECF No. 8). Defendants have filed a Response in opposition to the motion. (ECF No. 10).

Plaintiff's claims arise from events that occurred while he was incarcerated in the Union County Detention Center ("UCDC") as a pretrial detainee. (ECF No. 1, p. 2). In Plaintiff's Complaint he alleges Defendants Bynum and Mitcham retaliated against him for filing grievances. He also claims Defendant Mitcham denied him adequate medical care after he tested positive for Covid-19. *Id.* at pp. 4-6. He is suing Defendants in both their individual and official capacities and is seeking compensatory and punitive damages. *Id.*

On November 19, 2021, Plaintiff filed a Motion for Preliminary Injunction stating in part:

> I am afraid for my well being and have been since October 16, 2021 because of grievance I wrote on that day and the statement Sgt. Bynum made…I am afraid for my well being due to the deliberate indifference from Captain Mitcham and Sgt. Bynum also the intentional infliction of emotional distress…I am afraid for my well-being because no matter what Capt. Mitcham says, no amount of sick calls can get me seen by a doctor. I have been exposed to and tested positive for Covid-19

and the zero chance of seeing a doctor, conditions of confinement and deliberate indifference on the part of Captain Mitcham.

(ECF No. 8).

On December 9, 2021, Defendants filed their Answer to Plaintiff's Complaint denying all allegations against them. (ECF No. 9). That same day, Defendants filed a Response in Opposition to Plaintiff's motion along with a Brief in Support. (ECF Nos. 10, 11). On December 15, 2021, Plaintiff notified the Court that his address has changed, and he is no longer incarcerated in the UCDC. (ECF No. 12).

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Systems, Inc. v. C. L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).

While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976). The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995). In addition, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief

must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

It is not necessary to address the preliminary injunction factors at this time, because Plaintiff's request for injunctive relief was mooted by his release from the UCDC. *See Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (release from the institution in which the injunctive relief is sought against moots the request for injunctive relief). *See also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding an inmate's claims regarding prison conditions moot once the inmate was transferred and no longer subject to those conditions). Therefore, Plaintiff's request for injunctive relief is moot.

Accordingly, I recommend Plaintiff's Motion for Preliminary Injunction (ECF No. 8) be **DENIED as moot**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 4th day of January 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE